# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8136 | **DATE** | 8/7/2003 |
| **CASE TITLE** | Cross vs. Risk Management Alternatives, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's renewed motion for judgment on the pleadings is granted and the case is dismissed. Any pending motion in this case is terminated as moot. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 0 8 2003 | |
| | Notified counsel by telephone. | | date docketed | 26 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 8/7/2003 | |
| | Copy to judge/magistrate judge. | 03 AUG -7 PM 6:08 | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JENNIFER J. CROSS,  )
  )
         Plaintiff,  )
  )
    v.  )
  )  No.  02 C 8136
RISK MANAGEMENT ALTERNATIVES, INC.,  )
  )
         Defendant.  )
  )

**DOCKETED**
**AUG 0 8 2003**

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Jennifer J. Cross filed a Chapter 7 petition for bankruptcy on March 22, 2002. Ms. Cross' creditors were notified of this proceeding, which resulted in a discharge of Ms. Cross' debts on July 8, 2002. On June 24, 2002, while the bankruptcy was pending, defendant Risk Management Alternatives, Incorporated ("RMA"), which represented one of Ms. Cross' creditors, sent Ms. Cross a letter, seeking to collect a discharged debt. On November 12, 2002, Ms. Cross filed this case, alleging that RMA's letter violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq. Specifically, Ms. Cross alleged that RMA's attempt to collect a discharged debt was false, deceptive or misleading, and unfair or unconscionable, in violation of §§ 1692e and f of the FDCPA, and that in sending the letter directly to Ms. Cross rather than to her counsel, RMA violated § 1692c(a)(2) of the FDCPA. RMA now moves for judgment on the pleadings pursuant to Rule 12(c) on the grounds that this action should have been brought in



the bankruptcy court as a contempt action for RMA's violation of the automatic stay. I grant the motion.

A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6), and thus "should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989).

The facts in this case are virtually identical to those of *Randolph v. IMBS, Inc.*, No. 02 C 6368, 2003 U.S. Dist. LEXIS 1654 (N.D. Ill. Feb. 4, 2003) (Bucklo, J.). In *Randolph*, as here, the defendant attempted to collect an unpaid debt which was discharged in a Chapter 7 bankruptcy proceeding. The plaintiff filed suit in this court under the FDCPA. I granted the defendant creditor's motion to dismiss on the grounds that a remedy for actions which violate the automatic stay must be brought in bankruptcy court.

Ms. Cross urges me to reconsider the holding in *Randolph*, pointing out that Judge Kennelly has taken the opposite view. *See Hyman v. Tate & Kirlin*, No. 02 C 242, 2003 U.S. Dist. LEXIS 4822 (N.D. Ill. Mar. 26, 2003) (Kennelly, J.). However, as I discussed in *Randolph*, while it is clear that such an aggrieved debtor such as Ms. Cross may seek a remedy in bankruptcy court, the Seventh Circuit has not ruled on the question of whether he or she has an

additional remedy under the FDCPA in district court, and district court authority is deeply divided.

The most informative Seventh Circuit opinion in this area remains *Cox v. Zale Delaware Inc.*, 239 F.3d 910 (7th Cir. 2001). In Cox, the Seventh Circuit held that a suit for violation of section 524(c) of the Bankruptcy Code, which requires debt reaffirmation agreements to be filed with the bankruptcy court, may be brought only as a contempt action, "since the debtor would be seeking to enforce the order of discharge issued in that [bankruptcy] proceeding." *Id.* at 917. I read this as an indication of the circuit's preference for efficient resolution of discharge-related claims in one forum.

Ms. Cross suggests that to deny her the opportunity to pursue her claim in this court would contravene the principle that where two federal statutes address the same subject, courts should give effect to both. *Peeples v. Blatt*, No. 00 C 7028, 2001 U.S. Dist. LEXIS 11689, at *13 (N.D. Ill. Aug. 14, 2001) (Gottschall, J.) (holding that a bankruptcy debtor subjected to collection attempts has a right of action under both the Bankruptcy Code and the FDCPA). While I recognize that principle, it must be weighed against the expressed goal of the Bankruptcy Code to provide a comprehensive enforcement scheme in bankruptcy cases. *See Bolen v. Bass*, No. 97 C 3944, 2001 U.S. Dist. LEXIS 16964, at *15 (N.D. Ill. Oct. 18, 2001) (Lefkow, J.) (holding that the exclusive remedy for

attempts to collect discharged debts is a contempt action in bankruptcy court); *see also Wehrheim v. Secrest*, No. 00-1328, 2002 U.S. Dist. LEXIS 19020, at *19 (S.D. Ind. Aug. 16, 2002) (holding that *Cox* precludes suits under the FDCPA that might have been brought as a contempt proceeding in bankruptcy court).

I stand by my reasoning in Randolph, and hold that Ms. Cross cannot sustain this action under the FDCPA. Any remedy for a creditor's collection actions during a pending bankruptcy should be provided by the bankruptcy court. The motion for judgment on the pleadings is GRANTED.

**ENTER ORDER:**

*[signature: Elaine E. Bucklo]*

**Elaine E. Bucklo**
United States District Judge

Dated: August 7, 2003